UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MAVIS PRINCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-1170 (RDA/WEF) |
| | ) |
| EYAD ALIGHIBEER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPORT & RECOMMENDATION**

This matter comes before the Court on *pro se* Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Dkt. 3). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends dismissing Plaintiff's Complaint and denying as moot Plaintiff's IFP Motion.

I. Applicable Law and Standard of Review

28 U.S.C § 1915(e)(2) requires federal district courts to review the sufficiency of initial pleadings in cases in which a plaintiff seeks to proceed *in forma pauperis*. *See Eriline Co. S.S. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006); *Mallett v. Disney Enterprises*, No. 1:21-CV-616 (RDA/JFA), 2021 WL 5505085, at *1 (E.D. Va. Nov. 24, 2021). Section 1915(e)(2)(B) also compels a court to dismiss a case if it "determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The objective of this statute is to "discourage the filing of [frivolous and meritless actions], and [to avoid] wast[ing] judicial and private resources . . ." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is frivolous if it consists of "clearly baseless" allegations that are "fanciful," "fantastic," or "delusional." *See id.* at

325-29.

The standards for dismissal pursuant to section 1915(e)(2)(B)(ii) are the same as those for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mallett v. Disney Enterprises*, No. 1:21-CV-616 (RDA/JFA), 2021 WL 5505085, at *1 (E.D. Va. Nov. 24, 2021) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). Thus, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Further, "a judge must accept as true all of the factual allegations contained in the complaint" and accord a liberal construction to a *pro se* litigant's pleadings. *Mallett v. Disney Enterprises*, No. 1:21-CV-616 (RDA/JFA), 2021 WL 5505085, at *1 (E.D. Va. Nov. 24, 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## II.  The Complaint

On July 14, 2025, Plaintiff filed a Complaint (Dkt. 1, "Compl.") and an IFP Motion.[1] (Dkt 3). Plaintiff filed her Complaint using a form designated "Pro Se 1," a preprinted document published by the Administrative Office of the U.S. Courts and approved for use by *pro se* litigants to file civil cases in federal courts. In the Complaint, Plaintiff files suit against a reporter, a former President of the United States, and an internationally renowned singer and musician for assault. However, Plaintiff fails to allege any facts in support of her claim against the musician, and the facts alleged regarding the reporter and the former President are facially "fanciful," "fantastic," and "delusional."

---

[1] Because the undersigned recommends dismissal of the Complaint pursuant to 28 U.S.C § 1915(e)(2), this Report and Recommendation does not address the merits of the IFP Motion. If, however, the Court does not adopt this Report and Recommendation, the undersigned intends to grant the IFP Motion.

In Section III of form Pro Se 1, Plaintiff is instructed as follows:

"Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed."

In response to Section III, Plaintiff wrote the following:

"[The former President] chased, stalked me from 2007 – 2024 where he started at Comcast, to Beauregard Street where he raped me. The first time he entered my apartment I drew a pistol on him-he persisted on following and sexualizing me at night and denied he drove. He went to my weddings-out and in town."

In Section IV of form Pro Se 1, Plaintiff is instructed as follows:

"State briefly and precisely what damages and other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages."

In response to Section IV, Plaintiff wrote the following:

"I pray for relief in the amount of 4,500,00 for him promising to break my legs if I didn't stay home in bed. He would sneak in at night putting out neighborhood lights, and coming in through my door. [The reporter] was hired to "hit" me and did 12/27/23 at Ballston, to destroy my legs as he pinned me against my own car. I couldn't move. Officers refused me overhead [and] camera footage + never questioned defendant by commonwealth attorney as was my right."

### III.  <u>Findings</u>

The factual allegations in the Complaint are nothing more than a rambling collection of tangled statements claiming a series of violent assaults. Even accepting as true the factual allegations contained in the Complaint, and affording a liberal construction to the Complaint, the undersigned cannot find the Complaint alleges a cognizable claim properly filed in Federal court.

The undersigned finds that the factual underpinnings of the claim are plainly "fanciful," "fantastic," and "delusional," and recommends that the Court should exercise its pre-service screening responsibility under 28 U.S.C. § 1915 to dismiss this action.

### IV.  Recommendation

For the foregoing reasons, the undersigned recommends the Court **DISMISS** Plaintiff's Complaint (Dkt. 1) and **DENY AS MOOT** Plaintiff's Motion for Leave to *Proceed In Forma Pauperis* (Dkt 3.)

### V.  Notice

The parties are notified that objections to these proposed findings of fact and recommendations must be filed within 14 days of service of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff.

*William C. Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

October 27, 2025
Alexandria, Virginia